Nash, O'. J.
 

 There can be no doubt that the acts complained of will support the plaintiff’s action, unless the defendants were justified by the law in committing them : the drawing of the staple of the stable door by Matthews, or by any one else acting in concert with him, or by his direction, was an act of violence in itself: it made not the slightest difference that the side of the stable, containing the door, was on the line of the public street, and that Matthews stood on the street when he drew the staple : it would be a strange doctrine indeed, if a man’s house should lose the protection of the law because it was placed on the line of a street, or on the line between the owner and his neighbor. The house might be injured and broken by any one who chose wantonly or maliciously to injure it — this would not do. Nor was it .necessary for him, Matthews, to have entered the stable. Those that did so, entered under his authority, he being present aiding and abetting •them.
 

 But it is said he had the warrant of a justice of the peace, the defendant, Speed, for doing the act. Matthews was a ministerial officer, and bound to execute any legal process placed in his hands, and had no right to look into the evidence upon which the magistrate acted: whether that was sufficient or not, the warrant justifies him and all, who by his orders, aided him : but every man, particularly every officer, is presumed to know the law. "When, therefore, the precept upon its face shows that the justice issuing it had no jurisdiction of the subject matter, it gives no authority to the officer: he is, if he acts under it, a trespasser, and so are all who aid him, 2 Hawk. pl. cr. 130,
 
 Shergold
 
 v.
 
 Holloway:
 
 Strange 1002,
 
 State
 
 v.
 
 Mc
 
 
 *135
 
 Donald, 3 Dev. 468. A justice of the peace has jurisdiction to issue a search warrant in this State, only when a larceny is charged.
 
 (McDonald's case supra.)
 
 Here the warrant states explicitly that it issued to search for a runaway slave. Over such a matter he had no j urisdiction: his warrant was utterly void and is no justification,
 
 State
 
 v.
 
 Mann,
 
 5 Ire. Rep. 45.
 

 It is not necessary to make a man a trespasser that he should do the act complained of himself, or that he should be present when it is done : it is sufficient if he counsel or advise the act. Nor is it an excuse to the magistrate, Speed, that he mistook his power. ITe is bound to know the extent of the jurisdiction conferred upon him : and if a trespass is committed under a warrant in a case¿ where a magistrate goes beyond his legal authority, he is not protected by his judicial character; but is a trespasser. There is no error in the judgment below.
 

 Pee CueiaM. Judgment affirmed.